# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Pamela Dawn Councill Osborne | )<br>)  Case No: 5:19-cr-35-KDB-DCK-1<br>)<br>)  USM No: 34654-058<br>) |
| Date of Original Judgment: 08/30/2019<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 210 months **is reduced to** 188 months.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/30/2019 shall remain in effect.
**IT IS SO ORDERED**.

Signed: April 25, 2024

Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date:  
*(if different from order date)*

Kenneth D. Bell  
*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Pamela Ladawn Councill Osborne
CASE NUMBER: 5:19-cr-35-KDB-DCK-1
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 33             Amended Total Offense Level: 33
Criminal History Category: V                 Criminal History Category: IV
Previous Guideline Range: 210 to 262 months  Amended Guideline Range: 188 to 235 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 8 criminal history points before the addition of 2 points. (Doc. No. 31, ¶¶ 60-61). With the removal of 1 status point (because she had 7 criminal history points or more), criminal history points of 9 equals a criminal history category of IV. With on Offense Level of 33 and a criminal history category IV, the amended guideline range would be 188 to 235 months. There is no need for appointment of counsel in this matter.